IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY PINN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01540-M |
| | § | |
| CYCLEBAR FRANCHISING, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant CycleBar Franchising, LLC's ("CycleBar") Motion to Dismiss is **GRANTED**. ECF No. 6. Plaintiff Kelly Pinn is **DISMISSED WITH PREJUDICE** and the putative class is **DISMISSED WITHOUT PREJUDICE**.

### I.    Factual Matters[1]

Pinn's cell phone number has been on the National Do-Not-Call Registry since February 9, 2009. ECF No. 1-1 ¶¶ 36–37. On September 28, 2022, she received a text message from a phone number identical to that listed on the website for CycleBar's Southlake Franchise. *Id*. ¶¶ 26, 38. The message advertised "unlimited rides for only $99," and provided a promo code and a hyperlink to CycleBar's website, where the person using the hyperlink would be presented with a "Recurring Dues Membership Agreement." *Id*. ¶¶ 39, 41. Pinn alleges the text message amounted to solicitation in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). *Id*. ¶ 1. She alleges a single cause of action, that CycleBar violated the

---

[1] These facts are drawn from the Plaintiff's Petition, filed prior to removal, and are assumed to be true for purposes of this motion. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

Texas Business and Commerce Code ("TBCC") § 305.053, which incorporates the TCPA. *Id*. ¶¶ 97–101. She brings this lawsuit on behalf of a putative class, defined as follows:

> Plaintiff and all residents of the State of Texas (1) to whose telephone number Defendant placed (or had placed on their behalf) a text message (2) the same or similar to the text messages sent to Plaintiff Pinn, (3) from four years prior to the filing of the Compliant [sic] to the date of certification.

*Id*. ¶ 82. CycleBar moves to dismiss.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Glob. Plasma Sols., Inc. v. D Zine Partners, LLC*, No. 3:21-CV-00884-M, 2022 WL 16540677, at *3 (N.D. Tex. Oct. 28, 2022) (Lynn, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Applying the "plausibility" standard from *Iqbal* and *Twombly*, the Fifth Circuit disregards "legal conclusions; mere 'labels'; '[t]hreadbare recitals of the elements of a cause of action'; 'conclusory statements'; and 'naked assertions devoid of further factual enhancement.'" *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc) (quoting *Iqbal*, 556 U.S. at 678). Indeed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A sheer possibility that a defendant has acted unlawfully" is not sufficient to satisfy a plaintiff's pleading obligations. *Iqbal*, 556 U.S. at 678; *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011).

## III.     Analysis

CycleBar argues that Pinn's claims under TBCC § 305.053 fail because they would fail under the TCPA. In relevant part, TBCC § 305.053, provides:

>   (a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for:
>
>   (1) an injunction;
>
>   (2) damages in the amount provided by this section; or
>
>   (3) both an injunction and damages.

"The Texas TCPA [referring to TBCC § 305.053] proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA." *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014). It is axiomatic that if no violation of the TCPA exists, then there is no violation of TBCC § 305.053; in other words, the two are coextensive. *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-CV-00235-FM, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *Callier v. Jumpstart Fin., LLC*, No. EP-22-CV-00399-FM, 2023 WL 4155421, at *5 (W.D. Tex. Apr. 13, 2023); *Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL 2377481, at *9 (N.D. Tex. Feb. 7, 2023), report and recommendation adopted, No. 3:22-CV-0136-G-BT, 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023); *Johnson v. Palmer Admin. Servs., Inc.*, No. 6:22-CV-00121, 2022 WL 16919786, at *2 (E.D. Tex. Nov. 14, 2022) (holding the inverse is true as well—that sufficient pleading of a TCPA violation indicates sufficient pleading of a § 305.053 claim); *Callier v. Defendant Home Loans, Inc.*, No. EP-22-CV-49-DB, 2022 WL 16858520, at *7 (W.D. Tex. Nov. 10, 2022); *Starling v. J Wales Home Sols. LLC*, No. 4:21-CV-01261-O, 2022 WL 1156021, at *4 (N.D. Tex. Apr. 19, 2022); *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *5 (N.D. Tex. Feb. 24, 2022); *Shields v. Gawk Inc.*, No. 3:18-CV-00150, 2019 WL 1787781, at *5 (S.D. Tex. Apr. 24, 2019), report and recommendation adopted, No. 3:18-CV-00150, 2019 WL 2103423 (S.D. Tex. May 14, 2019); *Stein v. Navient Sols., LLC*, No. A-17-CV-907 LY, 2018 WL 2124108, at *1 n.1 (W.D. Tex. May 7, 2018); *Masters v. Wells*

*Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *2 (W.D. Tex. July 11, 2013); *Brown v. Enter. Recovery Sys., Inc.*, No. 02-11-00436-CV, 2013 WL 4506582, at *5 (Tex. App.—Fort Worth Aug. 22, 2013, no pet.); *Shields v. Americor Lending Grp., Inc.*, No. 01-06-00475-CV, 2007 WL 2005079, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2007, no pet.).

In 47 U.S.C. § 227(c)(5), the TCPA grants a right of private action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." The parties' argument centers on whether TBCC § 305.053 requires Pinn to allege more than one communication.

For a violation of the TCPA, the plaintiff must plead receipt of "more than one telephone" communication. 47 U.S.C. § 227(c)(5*)*; *Katz v. Caliber Home Loans, Inc.*, No. 3:23-CV-0145-S, 2023 WL 5311488, at *4 (N.D. Tex. Aug. 17, 2023); *Noviello v. Adam Wines Consulting, LLC*, No. 3:22-CV-52-BN, 2023 WL 2776696, at *4 (N.D. Tex. Apr. 4, 2023) (quoting *Charvat v. NMP, LLC*, 656 F.3d 440, 448 (6th Cir. 2011)); *Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL 2377481, at *7 (N.D. Tex. Feb. 7, 2023), report and recommendation adopted, No. 3:22-CV-0136-G-BT, 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023).

Pinn has not pleaded more than one telephone communication from CycleBar and thus has not pleaded a violation of the TCPA or TBCC § 305.053. Thus, the Court will dismiss the claim, with prejudice, because this is not Pinn's first attempt to sue on the same nucleus of operative facts. *Kelly Pinn v. CycleBar Franchising, LLC*, No. 3:22-cv-02684 (N.D. Tex.). Her attempt here to restrict her claim to the TBCC fails to make her case meritorious, and no repleading can save her lawsuit.

As the named Plaintiff's claim fails before class certification, the Court dismisses the putative class action, without prejudice. *Conditt v. Owens*, 457 F. App'x 420, 422 (5th Cir. 2012) ("dismissal of [plaintiff]'s complaint on its merits mooted any request for class certification"); *Holmes v. Serv. Corp. Int'l*, No. CIV.A. H-10-4841, 2014 WL 3046971, at *3 (S.D. Tex. July 3, 2014) (Rosenthal, J.); *see also Beavers v. Metro. Life Ins. Co.*, No. CIV.A. G-07-00260, 2007 WL 3342540, at *2 (S.D. Tex. Nov. 8, 2007), aff'd, 566 F.3d 436 (5th Cir. 2009) ("In the class action context, if the defendant demonstrates that the named plaintiffs' cause of action should be dismissed for failure to state a claim, the entire putative class action complaint should be dismissed.").

### IV.  Conclusion

CycleBar's Motion to Dismiss is **GRANTED**.  ECF No. 6.  Plaintiff Kelly Pinn's claims are **DISMISSED WITH PREJUDICE**, with all costs of court taxed to the Plaintiff, and the claims of the putative class are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

December 4, 2023.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE